United States District Court
Southern District of New York
_____

NORMAN MACTAS ACKERMAN,                    10 Civ. 6773 (JGK)

                    Plaintiff,        MEMORANDUM OPINION AND
                                              ORDER

          - against -

JOHN HERBERT ACKERMAN,

                    Defendant.
_____

JOHN G. KOELTL, District Judge:

        This action is a bitter intra-family dispute in which the
pro se plaintiff, Norman Ackerman, sued his son, the defendant
John Ackerman.   The plaintiff alleges that he entrusted certain
property to the defendant when the plaintiff was sent to prison.
The defendant allegedly sold the property and the plaintiff now
seeks to impose a constructive trust on the proceeds from that
sale.   The defendant has moved to dismiss the Complaint pursuant
to Rule 12(b)(6) of the Federal Rules of Civil Procedure as time
barred, and pursuant 28 U.S.C. § 1915(e), based on the alleged
misstatements in the plaintiff's application to proceed in forma
pauperis.   Jurisdiction is alleged pursuant to 28 U.S.C. § 1331
based on diversity of citizenship.[1]

_____

[1] The defendant asserts that the plaintiff is defrauding the
Court by claiming that he is a Florida resident, or else
defrauding the state of New York, because the plaintiff
continues to receive food stamps from the state of New York.
The plaintiff disputes this and asserts that he is a Florida

**I.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the Complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

---

resident, and that there is nothing unlawful about his receiving food stamps through the State of New York. The Court need not decide the issue of the plaintiff's residence, because, as explained below, the plaintiff's claim is dismissed.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal quotation marks omitted).  "Even in a pro se case, however, ... threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted).  Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Mallet v. Johnson, No. 09 Civ. 8430, 2011 WL 2652570, at *1 (S.D.N.Y. July 7, 2011).

## II.

The following allegations are assumed to be true for the purposes of this motion:

In 1968, the plaintiff purchased a brownstone building at 27 West 74th Street in Manhattan (the "Brownstone"), and he thereafter used the Brownstone to conduct his medical practice. (Compl. ¶ 7.)  In September of 1991, the plaintiff, who was then under indictment for Medicaid fraud in New York County, transferred the Brownstone and its contents to the defendant. (Compl. ¶¶ 8-9.)

The plaintiff alleges that he affected this transfer because he was "concerned for his ability . . . to manage and maintain" the Brownstone if he were incarcerated.  (Compl. ¶ 8.) The plaintiff alleges that he transferred the Brownstone, and its contents and furnishings, for no consideration, and in reliance on a fiduciary relationship that existed between himself and the defendant.  (Compl. ¶¶ 4-6, 9-11.)  The defendant was to hold the Brownstone and its contents "intrust [sic] for the plaintiff, to be returned to plaintiff" upon his release. (Compl. ¶ 9.)

The defendant sold the Brownstone while the plaintiff was incarcerated, using the proceeds to purchase other properties. (Compl. ¶ 12a.)

The plaintiff was released from incarceration in November of 1996.  (Compl. ¶ 11.)  Thereafter, "on various dates, plaintiff did demand from defendant" the return of the Brownstone and its contents, or the proceeds from the sale. However, these demands were refused. (Compl. ¶ 12b.)

The plaintiff filed this lawsuit in September of 2010.  He seeks a constructive trust upon the Brownstone and its contents, or upon the proceeds from their sale, including the properties subsequently purchased by the defendant.  (Compl. ¶ 13.)  The defendant has moved to dismiss the Complaint pursuant to Rule 12(b)(6) as time barred, and pursuant 28 U.S.C. § 1915(e), based

4

on the alleged misstatements in the plaintiffs application to

proceed in forma pauperis.

## III.

An action to impose a constructive trust is subject to a

six year statute of limitations.  See, e.g., Pate v. Pate, 791

N.Y.S.2d 849, 849 (App. Div. 2d Dep't 2005); see also N.Y.

C.P.L.R. § 213(1).  In a case where, as here, the trust property

was transferred to a third party in violation of the alleged

trust, the statute of limitations begins to run when the

defendant "convey[s] the property out of the plaintiffs' reach."

Delango v. Delango, 609 N.Y.S.2d 680, 681 (App. Div. 2d Dep't

1994).  Here, the Complaint alleges that the property was sold

to a third party some time before November of 1996.  The six

year statute of limitations plainly had run by September of

2010, almost fourteen years later, when the plaintiff filed this

action.  Dismissal is proper when a claim is time-barred based

on the allegations in the Complaint.  See, e.g., Ghartey v. St.

John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).  The

motion to dismiss the current Complaint must therefore be

**granted**.  The issue is whether dismissal with prejudice is

proper.

In certain circumstances, New York law provides that an

otherwise time-barred claim to recover a debt can proceed when

there is a later acknowledgement or partial payment of the debt by the defendant.  See, e.g., Scheuer v. Scheuer, 126 N.E.2d 555, 557 (N.Y. 1955) ("At common law, an acknowledgment or promise to perform a previously defaulted contract obligation was effectual, whether oral or in writing, at least in certain types of cases, to start the statute of limitations running anew.").  The common law rule has been qualified by a statute that provides that, to take an action outside the operation of the statute of limitations, there must be "an acknowledgment [of the debt] or promise [to pay it] contained in a writing signed by the party to be charged."  N.Y. GEN. OBLIG. LAW § 17-101.  This rule may apply in the context of breach of fiduciary duty and constructive trust claims.  See, e.g., Scheuer, 126 N.E.2d at 557 (noting that "[t]here is some doubt whether the commonlaw rule, as modified by the legislature, encompasses a right of action to enforce a promise by way of constructive trust" but applying the rule); Zuch v. Zuch, 503 N.Y.S.2d 343, 349 (App. Div. 1st Dep't 1986); cf. Goldrick v. Goldrick, 417 N.Y.S.2d 410, 414 (N.Y. Sup. Ct. 1979) (applying the rule but noting that "the statute excepts an action to recover real property such as the instant constructive trust action from the rehabilitative effects of this statute. . . . [because] the public policy of this state is to put to rest clouds on title, thereby facilitating their free transfer.").

6

In his papers in opposition to the motion to dismiss, the plaintiff alleges that, "sometime in 2004," the defendant began paying him $500 a month "as a subsidy from Trust Property funds." (Ackerman Aff. ¶ 7.) The plaintiff asserts that these payments continued until "late 2005," at which point the plaintiff "suspected a breach of fiduciary duty and fraud" and "demanded a Trust Property financial accounting" from the defendant. (Ackerman Aff. ¶ 7.) These allegations are somewhat inconsistent with the allegations in the Complaint that the defendant was to return the property when the plaintiff was released from prison and that the plaintiff began making demands for the return of the property when he was released from incarceration. In any event, the new allegations are not contained in the Complaint. However, because the plaintiff may be able to plead, in an Amended Complaint, that there was an acknowledgement or promise in 2004 sufficient to create a new or continuing contract, the Complaint cannot be dismissed with prejudice. Therefore, the plaintiff's claims must be **dismissed without prejudice**. However, to the extent that the plaintiff files an Amended Complaint alleging the existence of a written acknowledgement or promise sufficient to establish a timely new or continuing contract, the plaintiff is reminded of the pleading requirements of Rule 11 of the Federal Rules of Civil Procedure.

Because this action is dismissed without prejudice on the basis of the statute of limitations, it is unnecessary to address the defendants' argument that this action should be dismissed pursuant to 28 U.S.C. § 1915(e).  The defendant's motion to dismiss on that basis is **denied** as moot.


                              **IV.**

The defendant asks that the plaintiff be barred from bringing further lawsuits without the permission of the Court. This application is **denied**.  "While a district court may impose, sua sponte, an injunction on a party who abuses the judicial process, such a party must be given notice and an opportunity to respond."  Moates v. Rademacher, 86 F.3d 13, 15 (2d Cir. 1996) (citing In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).  In this case, the plaintiff has not yet had an opportunity to specifically brief and argue the application for a filing injunction against him.  In any event, the plaintiff's actions in filing this lawsuit, and a separate lawsuit in the Southern District of Florida, do not constitute the type of abuse of the judicial process that warrant the imposition of a filing injunction.  Compare Moates, 86 F.3d at 14-15 (incarcerated pro se plaintiff had "clearly abused the judicial process" when he had filed at least twelve § 1983 actions against prison officials and submitted "perjured testimony and

8

altered documents" in at least four of them); Martin-Trigona, 737 F.2d at 1259 (plaintiff had "filed over 250 civil actions, appeals, and other matters throughout the United States, which have been pursued with persistence, viciousness, and general disregard for decency and logic") (internal quotation marks omitted).  Accordingly, the defendant's application to enjoin the plaintiff from filing further actions against him without prior court approval is **denied**.

### V.

The defendant asks the Court to remove the notices of pendency that the plaintiff has placed on the defendant's properties.  New York law allows federal courts to direct the relevant county clerk to cancel any notices of pendency filed in relation to federal actions "if the plaintiff has not commenced or prosecuted the action in good faith."  N.Y. C.P.L.R. § 6514(b); see, e.g., Adams v. Smith, No. 07 Civ. 0452, 2010 WL 3522310, at *20 (N.D.N.Y. Sept. 1, 2010) ("[T]he proper forum for affected property owners who seek to cancel or correct a notice of pendency is the court in which the land claim is pending.") (quoting Cayuga Indian Nation v. Fox, 544 F. Supp. 542, 548 (N.D.N.Y. 1982)).  The Court also must order the cancellation of the notices of pendency if there has been a final judgment in the underlying action, and the time to file an

appeal of that judgment has expired.  <u>See</u> N.Y. C.P.L.R. §

6514(a); <u>see, e.g.</u>, <u>LaMotte v. National Patent Development</u>

<u>Corp.</u>, No. 95 Civ. 3317, 1996 WL 492998, at *6 (S.D.N.Y.)

(S.D.N.Y. Aug. 28, 1996).

In this case, there is no dispute that the underlying

action for a constructive trust is one that has the potential to

affect the title to real property, because the plaintiff's

action sought to impose a constructive trust on three properties

allegedly purchased by the defendant with the proceeds from the

sale of the Brownstone.  The Court cannot yet determine that the

lawsuit has been pursued in bad faith.  The time to appeal this

Order has not expired, and, in any event, the current Complaint

is being dismissed without prejudice.  The application to this

Court to cancel the notices of pendency is therefore **denied**

**without prejudice to renewal** when the requirements of N.Y.

C.P.L.R. § 6514 have been satisfied.


**VI.**

The plaintiff has also moved to sanction the defendant's

counsel pursuant to Rule 11 of the Federal Rules of Civil

Procedure for having filed the motion to dismiss because of the

plaintiff's submission of an allegedly false application to

proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  District courts have "broad

discretion' to 'tailor appropriate and reasonable sanctions

10

under Rule 11." <u>Lawrence v. Wilder Richman Securities</u> <u>Corp.</u>, 417 F. App'x 11, 15, (2d Cir. 2010) (internal quotation marks, citation and alterations omitted).  Nevertheless, Courts considering the imposition of Rule 11 sanctions should take care to avoid chilling zealous litigation.  <u>See, e.g.</u>, <u>Lipiro v.</u> <u>Remee Products</u>, 75 F. Supp. 2d 174, 178 (S.D.N.Y. 1999).  Here, notwithstanding the plaintiff's allegation that the defendant's counsel used documents that he should have known were taken from the defendant's apartment by another family member, there is no indication that the defendants' motion to dismiss pursuant to § 1915(e) was groundless or that it was made for an improper purpose.  The plaintiff's motion for sanctions is **denied**.

CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit.  The defendant's motion to dismiss is **granted**, and the Complaint is **dismissed without prejudice** to the filing of an Amended Complaint within 30 days.

The plaintiff's motion for sanctions is **denied.**

The defendant's application for a filing injunction against the plaintiff is **denied**.

The defendant's motion to vacate the notices of pendency is **denied without prejudice to renewal**.

The Clerk is directed to close Docket Nos. 19, 22 and 29, and to close this case.

SO ORDERED.

Dated:     New York, New York
           February 7, 2012

                                          John G. Koeltl
                                    United States District Judge