UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————

Norman Mactas Ackerman,
                    Plaintiff,

        - against -

John Herbert Ackerman,
                    Defendant.
————————————————————————————————

10 Civ. 6773 (JGK)

MEMORANDUM OPINION AND
ORDER

JOHN G. KOELTL, District Judge:

    The plaintiff, Norman Ackerman, sued his son, the defendant

John Ackerman, alleging that the plaintiff entrusted certain

property to the defendant that the defendant sold without the

plaintiff's consent.  The plaintiff seeks to impose a

constructive trust on the proceeds from the defendant's sale of

the property.  The defendant has moved to dismiss the action as

time-barred, pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.


                              I.

    In deciding a motion to dismiss pursuant to Rule 12(b)(6),

the allegations in the complaint are accepted as true, and all

reasonable inferences must be drawn in the plaintiff's favor.

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.

2007); Arista Records LLC v. Lime Group LLC, 532 F. Supp. 2d

556, 566 (S.D.N.Y. 2007).  The Court's function on a motion to

dismiss is "not to weigh the evidence that might be presented at

                              1

trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.; see also SEC v. Rorech, 673 F. Supp. 2d 217, 221 (S.D.N.Y. 2009).

When a plaintiff is pro se, the Court should "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (alterations and internal quotation marks omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that

2

[the plaintiff] has not pled." Id.; see also Mallet v. Johnson, No. 09 Civ. 8430, 2011 WL 2652570, at *1 (S.D.N.Y. July 7, 2011).

## II.

In September 2010, the plaintiff filed this lawsuit.  The defendant filed a Motion to Dismiss, which this Court granted without prejudice in February 2012 finding that the six year statute of limitations on actions to impose a constructive trust had run by the time the action was filed.  Ackerman v. Ackerman, No. 10 Civ. 6773, 2012 WL 407503, at *2 (S.D.N.Y. Feb. 9, 2012). Accordingly, the Court denied the defendant's motion to remove the notices of pendency that the plaintiff had placed on the defendant's properties without prejudice to renewal.  Id. at *4. The dismissal without prejudice permitted the plaintiff to file an amended complaint containing allegations regarding the existence of an acknowledgment or promise by the defendant sufficient to create a timely new or continuing contract.  Id.

The plaintiff filed an amended complaint in February 2012, and, in July 2012, filed a Motion for Leave to File a Second Amended Complaint.  The Second Amended Complaint is dated September 3, 2012.  In an Order dated December 12, 2012, this Court granted the plaintiff's motion and, with the consent of

the parties, deemed the Motion to Dismiss as directed against the Second Amended Complaint.

The Court accepts the allegations in the Second Amended Complaint as true for the purposes of this Motion to Dismiss. In 1968, the plaintiff purchased a brownstone building on West 74th Street in Manhattan (the "Brownstone"). (Second Amended Complaint ("SAC") ¶ 20.) In 1969, the plaintiff deeded the Brownstone to Education Counseling, Inc., a New York corporation that the plaintiff established "to function as a family trust." (SAC ¶ 21.) The plaintiff was the sole stockholder of Education Counseling, Inc. and the sole owner of the Brownstone from 1969 to 1991. (SAC ¶ 22.)

In September 1991, while the plaintiff was under indictment in New York County for alleged Medicaid fraud, the defendant "demanded that the Brownstone property and the content therein be entrusted to him for safekeeping until plaintiff returns from impending [incarceration]." (SAC ¶¶ 63, 65.) In or about September 1991, the plaintiff transferred title to the Brownstone to the defendant "to hold in trust for plaintiff, and to be returned to plaintiff, together with said contents therein, when plaintiff was released from or spared from incarceration" in exchange for a ten dollar nominal fee. (SAC ¶¶ 67, 75.) The defendant "agreed that said Brownstone House and the contents therein were to be returned to plaintiff

4

. . . subsequent to plaintiff's release from incarceration."
(SAC ¶ 69.)  This agreement was not memorialized in writing.
(SAC ¶¶ 70-71.)  The plaintiff alleges that there were no legal
trust papers because the defendant "feared that any property so
designated as jointly controlled could be seized by the state
and/or federal governments," and that the trust property
transfer was "camouflaged."  (SAC ¶¶ 70-71.)

    In or about 1993, while the plaintiff was incarcerated, the
defendant sold the Brownstone without the plaintiff's knowledge
or consent.  (SAC ¶ 79.)  In November 1996, the plaintiff was
released from incarceration.  (SAC ¶ 80.)  In or about 1997 or
1998, the plaintiff mailed the defendant a Complaint that
demanded the return of the Brownstone and its contents, or, in
the alternative, the proceeds from the sale of the Brownstone.
(SAC ¶ 81.)  The plaintiff states that he sent this letter to
elicit a response from the defendant, not to initiate a lawsuit.
(SAC ¶¶ 81-82.)  The plaintiff avoided further contact with the
defendant until the termination of his parole in 2003 out of
fear that the defendant would "falsely allege to the Parole
Department that plaintiff was threatening to physically harm him
and possibly cause plaintiff to be remanded back to prison."
(SAC ¶ 84.)

    Beginning in May 2004, the plaintiff made in-person
requests to the defendant that he return the Brownstone, or that

5

he equitably distribute to him the proceeds of its sale.  (SAC ¶ 86.)  The defendant refused the plaintiff's requests and began making monthly five-hundred dollar payments to the plaintiff. (SAC ¶ 86.)  The plaintiff states that "[t]he fiduciary arrangement that had been agreed upon by [the defendant] and plaintiff commenced sometime in and around November [] 1991, was repeatedly ratified by [the defendant], with such ratification set down by informal acknowledgment by [the defendant] sometime in 1997-98, reratified by the monthly five-hundred [dollar] ($500.00) payments made by [the defendant] to plaintiff in 2004-05, and again reratified [] by [the defendant's] offer to plaintiff in or around November[] 2010 to resume the monthly payments."  (SAC ¶ 87.)  None of these ratifications were made in writing.  (SAC ¶ 88.)

The plaintiff seeks to impress a constructive trust upon the proceeds from the sale of the Brownstone and its contents; $3,000,000 in compensatory damages; and $3,000,000 in punitive damages.  (SAC ¶ 89.)  The defendant has moved to dismiss the SAC as time-barred pursuant to Rule 12(b)(6).

### III.

An action to impress a constructive trust is subject to a six-year statute of limitations.  See, e.g., Pate v. Pate, 791 N.Y.S.2d 849, 849 (App. Div. 2005); see also N.Y. C.P.L.R. 213

(2004).  Where trust property is transferred to a third party,
the statute of limitations begins to run when the defendant
"convey[s] the property out of the plaintiffs' reach."  Delango
v. Delango, 609 N.Y.S.2d 680, 681 (App. Div. 1994); see also
Ackerman, 2012 WL 407503, at *2.

     Because the transfer from the defendant to a third party
occurred "sometime before November of 1996," this Court
previously held that the plaintiff's claims, filed in September
2010, were time-barred.  See Ackerman, 2012 WL 407503, at *2.
The Court provided the plaintiff the opportunity to amend his
Complaint to substantiate his allegations that there has been
later acknowledgment and partial payment of the debt by the
defendant.  The plaintiff subsequently amended his Complaint
twice.  Despite these opportunities to amend the Complaint, the
current SAC does not sufficiently allege facts to demonstrate
revival of the contract.

     "At common law, an acknowledgement or promise to perform a
previously defaulted contract obligation was effectual, whether
oral or in writing, at least in certain types of cases, to start
the statute of limitations running anew."  Scheuer v. Scheuer,
126 N.E.2d 555, 557 (N.Y. 1955).  The common law has been
qualified by statute, which provides that "[a]n acknowledgment
or promise in a writing signed by the party to be
charged . . . is the only competent evidence of a new or

                              7

continuing contract . . . to take an action out of the operation of the provisions of limitations of time for commencing actions." N.Y. Gen. Obl. § 17-101 (McKinney 1962). Accordingly, the plaintiff must provide a writing that is signed by the defendant in order to renew the six-year statute of limitations. See Guilbert v. Gardner, 480 F.3d 140, 149 (2d Cir. 2007) ("An acknowledgment or promise to perform . . . must be in writing to re-start the statute of limitations") (citing N.Y. Gen. Obl. § 17-101); see also Schmidt v. Polish People's Republic, 742 F.2d 67, 71 (2d Cir. 1984).

The plaintiff alleges that the defendant acknowledged or promised to pay the debt orally. However, he has failed to provide any written acknowledgment or promise. Further, the plaintiff concedes that no such writing exists. (SAC ¶ 88.) Accordingly, the plaintiff's allegations of the defendant's oral promise to pay the debt are insufficient to renew the six-year statute of limitations.

The plaintiff further argues that the partial payment of the debt by the defendant renewed the six-year statute of limitations, rendering his claim timely. In New York, "the statute can be tolled only if a debtor pays the creditor under circumstances indicting an unequivocal intention to pay the balance." Schmidt, 742 F.2d at 72; see also Lew Morris Demolition Co. v. Bd. of Educ., 355 N.E. 2d 369, 371 (N.Y. Ct.

App. 1976) ("In order that a part payment shall have the effect
of tolling a time-limitation period, under the statute or
pursuant to contract, it must be shown that there was a payment
of a portion of an admitted debt, made and accepted as such,
accompanied by circumstances [that] amount to an absolute and
unqualified acknowledgment by the debtor of more being due, from
which a promise may be inferred to pay the remainder").  Part
payment without "express acknowledgement of [the defendant's]
indebtedness" will not renew the statute of limitations.  Petito
v. Piffath, 647 N.E. 2d 732, 735 (N.Y. 1994); see also Stern v.
Stern Metals, Inc., 802 N.Y.S.2d 243, 244 (App. Div. 2005)
(finding that a letter stating that the defendant "recognize[d]
the possibility of (but does not admit to) a certain level of
liability" coupled with part payment did not renew the statute
of limitations).  Conversely, allegations of partial payment by
the defendant accompanied by the defendant's acknowledgment of a
debt and statements that the partial payment was made in
satisfaction of that debt raise questions of fact that the Court
cannot resolve on a motion to dismiss.  Empire Purveyors, Inc.
v. Weinberg, No. 0603282/2006, 2008 WL 2157891, at *4 (N.Y. Sup.
Ct. May 12, 2008), aff'd, 885 N.Y.S.2d 905 (App. Div. 2009).

Even where the pleadings are broadly construed because the
plaintiff is pro se, it is "clear error" to find that part
payment alone revives the statute of limitations.  Gilbert v.

9

Gilbert, No. 02 Civ. 3728, 2003 WL 22790940, at *2 (S.D.N.Y.
Nov. 25, 2003).  In Gilbert, the pro se plaintiff alleged that
she had loaned her son $20,000 and placed an additional sum into
a bank account in her son's name, none of which was repaid.  Id.
at *1.  She alleged that a payment of one-hundred dollars to her
from the defendant constituted part payment that revived the
statute of limitations.  Id. at *2.  However, "the payment of
$100, unaccompanied by any admission of the debt or declaration
of intent to pay, [wa]s insufficient to constitute the absolute
and unqualified acknowledgment by the debtor of more being due
required to toll the statute of limitations."  Id. (quoting
Erdheim v. Gelfman, 757 N.Y.S.2d 320, 322 (App. Div. 2003))
(internal quotation marks omitted).

        Here, the plaintiff claims that the defendant repeatedly
ratified the fiduciary arrangement by informal statements and
part payment.  (SAC ¶ 87.)  Although the defendant denies that
these payments were ever made, and denies that he acknowledged a
debt, the Court accepts the plaintiff's allegations for the
purposes of this motion to dismiss.  The allegations, however,
are insufficient to establish that the defendant unequivocally
acknowledged that a debt was due such that the part payment
would revive the statute of limitations.  The plaintiff does not
allege that the payments by the defendant were accompanied by
statements acknowledging the debt.  The plaintiff's allegations

that the defendant ratified the debt, without more, do not
permit the Court to infer that the defendant intended
unequivocally to satisfy the debt.  Instead, the plaintiff's
allegations—unsupported by any statements attributable to the
defendant, dates of when or how these payments were made, or
other specific factual allegations—would require the Court to
invent factual allegations that the plaintiff has not pleaded.
See Chavis, 618 F.3d at 170.  Indeed, it would be utterly
implausible that alleged monthly payments of five-hundred
dollars were an acknowledgment of a debt or a statement to pay a
debt that the plaintiff claims was three million dollars.
Accordingly, the plaintiff has failed to satisfy the pleading
requirements of Rule 12(b)(6) and his claim must be dismissed.[1]

     Because the plaintiff has failed to state a claim after
three opportunities to do so, the Second Amended Complaint is
**dismissed with prejudice.**  See Abu Dhabi Commercial Bank v.
Morgan Stanley & Co., No. 08 Civ. 7508, 2009 WL 3346674, at *2
(S.D.N.Y. Oct. 15, 2009) ("[A] dismissal with prejudice is
generally appropriate where a court puts a plaintiff on notice

---

[1] Neither party has addressed issues such as "unclean hands" or
whether equity should assist in consummating a transaction that
the plaintiff alleges was camouflaged over twenty years ago in
order to prevent state or federal authorities from confiscating
property.  This decision is therefore not based on those issues.

of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment.").

### VI.

The defendant moves to cancel the three notices of pendency that the plaintiff has placed on the defendant's properties. New York law requires that the Court direct the county clerk to cancel a notice of pendency "if the action has been settled, discontinued or abated."  N.Y. C.P.L.R. § 6514(a) (McKinney 1971).  The plaintiff's cause of action is time-barred, and has been dismissed with prejudice.  Accordingly, the plaintiff's three notices of pendency must be vacated.  See Zitz, Inc. v. Pereira, 965 F. Supp. 350, 357 (E.D.N.Y. 1997), aff'd, 232 F.3d 290 (2d Cir. 2000) (vacating the plaintiff's notice of pendency because his cause of action was dismissed); see also Ulysses I & Co. v. Feldstein, No. 01 CV 3102, 2002 WL 1813851, at *17 (S.D.N.Y. Aug. 8, 2002).  The defendant's motion to cancel the three notices of pendency is **granted.**

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the defendant's Motion to Dismiss is **granted,** and the defendant's Motion to Cancel the Notices of Pendency is **granted**.  The Second Amended Complaint is therefore **dismissed with prejudice.  The Clerk is directed to enter Judgment and to close this case and all pending motions.**

SO ORDERED.
Dated:    New York, New York
          December 12, 2012

                                      John G. Koeltl
                              United States District Judge

13