**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**Norman Mactas Ackerman,**
             **Plaintiff,**

    - against -                      **10 Civ. 6773 (JGK)**

**John Herbert Ackerman,**          **MEMORANDUM OPINION AND**
             **Defendant.**           **ORDER**
------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Norman Ackerman, sued his son, the defendant John Ackerman, alleging that the plaintiff entrusted certain property to the defendant that the defendant sold without the plaintiff's consent. This Court granted the Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff now seeks reconsideration of that decision.

### I.

    A motion for reconsideration is governed by Local Civil Rule 6.3. In deciding a motion for reconsideration pursuant to Local Civil Rule 6.3, the Court applies the same standards as those governing former Local Civil Rule 3(j). See United States v. Letscher, 83 F. Supp. 2d 367, 382 (S.D.N.Y. 1999) (collecting cases). The moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion. See

Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996); In re Houbigant, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).  This rule is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."  Walsh, 918 F. Supp. at 110; see also Weber v. Multimedia Entm't, Inc., No. 97 Civ. 0682 (JGK), 2000 WL 724003 (S.D.N.Y. June 5, 2000).

**II.**

The plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or any factual matters that were put before the Court in the underlying motion.

The plaintiff first alleges that this Court overlooked precedent authorizing the Court to toll the statute of limitations for a fraudulent concealment claim.  However, the plaintiff did not plead fraudulent concealment in the Second Amended Complaint, or any prior complaint.  Moreover, even if the plaintiff had raised a claim for fraudulent concealment, that claim was refuted because, as the Court explained, it is evident from the pleadings that the plaintiff knew of and could have brought this action before the statute of limitations expired.  Therefore, the failure to consider this argument cannot be a basis for a motion for reconsideration.

The plaintiff next argues that he was denied the opportunity to submit an answer to the defendant's Motion to Dismiss. The plaintiff filed an amended complaint in February 2012, and, in July 2012, filed a Motion for Leave to File a Second Amended Complaint. The Second Amended Complaint did not change any issue relevant to the Motion to Dismiss. In an Order dated December 12, 2012, this Court granted the plaintiff's motion and, with the consent of the parties, deemed the Motion to Dismiss as directed against the Second Amended Complaint. As the plaintiff acknowledges, "[d]uring oral argument . . . on December 7, 2012, the Court granted leave for the submission of the plaintiff's Second Amended Complaint, and both parties agreed to the proposal by the Court that defendant's Rule 12(b)(6) Motion to Dismiss, initially submitted to the Court on March 12, 2012, would be applied to the Second Amended Complaint when said complaint was accepted by the Court." (Mem. of Law In Supp. of Pl.'s Mot. for Reconsideration at 4.) The Motion to Dismiss was fully briefed by the date of oral argument, and as the Court explained to the parties, it directed all submissions in connection with the Motion to Dismiss as directed toward the Second Amended Complaint. Therefore, the plaintiff did have an opportunity to respond to the Motion to Dismiss, and this is not a basis for granting the Motion for Reconsideration.

Accordingly, the plaintiff's Motion for Reconsideration is denied.

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the plaintiff's Motion for Reconsideration is **denied.**

**SO ORDERED.**
**Dated:    New York, New York**
           **February 5, 2013**

```
                              _____
                                     John G. Koeltl /s
                              United States District Judge
```